UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CATRINA RIES,

       Plaintiff,                                          Hon. Ellen S. Carmody

v.                                                                Case No. 1:14-CV-820

COMMISSIONER OF SOCIAL
SECURITY,

       Defendant.
_____/

**OPINION**

This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Commissioner of Social Security denying Plaintiff's claim for Disability Insurance Benefits (DIB) under Title II of the Social Security Act. On October 21, 2014, the parties agreed to proceed in this Court for all further proceedings, including an order of final judgment. (Dkt. #8).

Section 405(g) limits the Court to a review of the administrative record and provides that if the Commissioner's decision is supported by substantial evidence it shall be conclusive. The Commissioner has found that Plaintiff is not disabled within the meaning of the Act. For the reasons articulated herein, the Commissioner's decision is **reversed and this matter remanded for further factual findings pursuant to sentence four of 42 U.S.C. § 405(g)**.

## **STANDARD OF REVIEW**

The Court's jurisdiction is confined to a review of the Commissioner's decision and of the record made in the administrative hearing process. *See Willbanks v. Sec'y of Health and Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal standards in making her decision and whether there exists in the record substantial evidence supporting that decision. *See Brainard v. Sec'y of Health and Human Services*, 889 F.2d 679, 681 (6th Cir. 1989).

The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). It is the Commissioner who is charged with finding the facts relevant to an application for disability benefits, and her findings are conclusive provided they are supported by substantial evidence. *See* 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla, but less than a preponderance. *See Cohen v. Sec'y of Dep't of Health and Human Services*, 964 F.2d 524, 528 (6th Cir. 1992) (citations omitted). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). In determining the substantiality of the evidence, the Court must consider the evidence on the record as a whole and take into account whatever in the record fairly detracts from its weight. *See Richardson v. Sec'y of Health and Human Services*, 735 F.2d 962, 963 (6th Cir. 1984).

As has been widely recognized, the substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial interference. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (citation omitted). This

standard affords to the administrative decision maker considerable latitude, and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision. *See Bogle*, 998 F.2d at 347; *Mullen*, 800 F.2d at 545.

## **PROCEDURAL POSTURE**

Plaintiff was 40 years of age on her alleged disability onset date. (Tr. 218). She successfully completed high school and previously worked as a store laborer. (Tr. 27, 97). Plaintiff applied for benefits on November 22, 2010, alleging that she had been disabled since March 8, 2010, due to rheumatoid arthritis, fibromyalgia, bi-polar disorder, Raynaud's Syndrome, migraines, and sciatica. (Tr. 218-19, 237). Plaintiff's application was denied, after which time she requested a hearing before an Administrative Law Judge (ALJ). (Tr. 101-217).

On January 17, 2012, Plaintiff appeared before ALJ Paul Jones with testimony being offered by Plaintiff and a vocational expert. (Tr. 70-100). In a written decision dated February 3, 2012, the ALJ determined that Plaintiff was not disabled. (Tr. 117-24). The Appeals Council, finding that the ALJ failed to properly evaluate Plaintiff's various impairments, remanded the matter for further factual findings. (Tr. 128-31). On October 15, 2013, the ALJ conducted a second administrative hearing at which Plaintiff and a vocational expert testified. (Tr. 49-69). In a decision dated November 29, 2013, the ALJ again concluded that Plaintiff was not disabled. (Tr. 18-28). The Appeals Council declined to review the ALJ's determination, rendering it the Commissioner's final decision in the matter. (Tr. 1-4). Plaintiff subsequently initiated this pursuant to 42 U.S.C. § 405(g), seeking judicial review of the ALJ's decision.

**ANALYSIS OF THE ALJ'S DECISION**

The social security regulations articulate a five-step sequential process for evaluating disability. *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f).[1] If the Commissioner can make a dispositive finding at any point in the review, no further finding is required. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The regulations also provide that if a claimant suffers from a nonexertional impairment as well as an exertional impairment, both are considered in determining her residual functional capacity. *See* 20 C.F.R. §§ 404.1545, 416.945.

The burden of establishing the right to benefits rests squarely on Plaintiff's shoulders, and she can satisfy her burden by demonstrating that her impairments are so severe that she is unable to perform her previous work, and cannot, considering her age, education, and work experience, perform any other substantial gainful employment existing in significant numbers in the national economy. *See* 42 U.S.C. § 423(d)(2)(A); *Cohen*, 964 F.2d at 528. While the burden of proof shifts to the Commissioner at step five of the sequential evaluation process, Plaintiff bears the burden of proof through step four of the procedure, the point at which her residual functioning capacity (RFC) is determined. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Walters v. Comm'r of Soc. Sec.*,

---

[1] 1. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. 404.1520(b));

2. An individual who does not have a "severe impairment" will not be found "disabled" (20 C.F.R. 404.1520(c));

3. If an individual is not working and is suffering from a severe impairment which meets the duration requirement and which "meets or equals" a listed impairment in Appendix 1 of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors (20 C.F.R. 404.1520(d));

4. If an individual is capable of performing work he or she has done in the past, a finding of "not disabled" must be made (20 C.F.R. 404.1520(e));

5. If an individual's impairment is so severe as to preclude the performance of past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed (20 C.F.R. 404.1520(f)).

127 F.3d 525, 528 (6th Cir. 1997) (ALJ determines RFC at step four, at which point claimant bears the burden of proof).

The ALJ determined that Plaintiff suffers from affective disorder, a severe impairment that whether considered alone or in combination with other impairments, failed to satisfy the requirements of any impairment identified in the Listing of Impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1. (Tr. 20-24). The ALJ also expressly determined that Plaintiff's "physical impairments of rheumatoid arthritis, fibromyalgia, Raynaud's syndrome, and headaches are non-severe" as "[t]here is no medical evidence indicating that the conditions caused functional or work-related limitations for the requisite 12-month period." (Tr. 22).

With respect to Plaintiff's residual functional capacity, the ALJ found that Plaintiff retained the ability to perform work "at all exertional levels" subject to the following limitations: (1) she is limited to simple, routine, and repetitive tasks; and (2) she can tolerate frequent changes in work setting, frequent public interaction, and occasional supervision. (Tr. 24). A vocational expert testified that if limited to the extent indicated by her RFC, Plaintiff would be able to perform her past relevant work. (Tr. 97-98). Accordingly, the ALJ concluded that Plaintiff was not entitled to disability benefits. Plaintiff argues that she is entitled to relief because the ALJ's conclusion that she does not suffer from a severe physical impairment is not supported by substantial evidence.

A severe impairment is defined as "any impairment or combination of impairments which significantly limits your physical or mental ability to do basic work activities," 20 C.F.R. § 416.920(c), and which lasts or can be expected to last "for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Basic work activities include: (1) physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; (2) capacities for

seeing, hearing, and speaking; (3) understanding, carrying out, and remembering simple instructions; (4) use of judgment; (5) responding appropriately to supervision, co-workers and usual work situations; and (6) dealing with changes in a routine work setting. 20 C.F.R. § 416.921(b); *see also*, *Despins v. Commissioner of Social Security*, 257 Fed. Appx. 923, 929 n.2 (6th Cir., Dec. 14, 2007).

An impairment "can be considered not severe only if it is a slight abnormality that minimally affects work ability regardless of age, education, and experience." *Rogers v. Commissioner of Social Security*, 486 F.3d 234, 243 n.2 (6th Cir. 2007) (quoting *Higgs v. Bowen*, 880 F.2d 860, 862 (6th Cir.1988)); *see also*, *Williamson v. Secretary of Health and Human Services*, 796 F.2d 146, 151 (6th Cir. 1986) (an impairment is less than severe only if it is a "slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education and work experience").

Step two of the sequential disability process is considered a "de minimus hurdle" designed to subject to dismissal only those claims which are "totally groundless" from a medical standpoint. *Rogers*, 486 F.3d at 243 n.2; *Despins*, 257 Fed. Appx. at 929; *Higgs*, 880 F.2d at 860. As the Sixth Circuit has recognized, "this lenient interpretation of the severity requirement in part represents the courts' response to the Secretary's questionable practice in the early 1980s of using the step two regulation to deny meritorious claims without proper vocational analysis." *Long v. Apfel*, 1 Fed. Appx. 326, 331 (6th Cir., Jan. 9, 2001) (quoting *Higgs*, 880 F.2d at 862).

The evidence reveals quite clearly that Plaintiff suffers from severe physical impairments and, moreover, that such have been present "for the requisite 12-month period." In November 2008, Plaintiff was diagnosed with: (1) connective tissue disease with Raynaud's

syndrome,[2] and (2) fibromyalgia. (Tr. 336). Plaintiff was prescribed, and continued to take, a great many medications. (Tr. 336-37). In December 2010, Plaintiff was diagnosed with rheumatoid arthritis. (Tr. 334-35). Plaintiff reported experiencing joint stiffness and muscle pain. (Tr. 334). Plaintiff was prescribed eleven different medications. (Tr. 334). A February 14, 2011 consultive examination revealed that Plaintiff was suffering chronic pain resulting from "acute" arthritis. (Tr. 359-61). A January 2011 psychological examination revealed that Plaintiff was motivated and was neither exaggerating nor misrepresenting her symptoms. (Tr. 383-90). Treatment notes dated November 8, 2011, reveal that Plaintiff continued to suffer arthritis with resulting joint pain and stiffness. (Tr. 416-17). Treatment notes dated August 16, 2012, indicate that Plaintiff continued to suffer "multiple autoimmune diseases" for which she was prescribed numerous medications. (Tr. 451). Plaintiff's arthritis was subsequently treated by chemo/IV infusion therapy. (Tr. 462-92). Plaintiff later began to exhibit memory difficulties and other cognitive impairments. (Tr. 497-528).

        Simply put, the evidence of record belies the ALJ's conclusion that Plaintiff does not experience any severe physical impairment. While the degree of limitation imposed by Plaintiff's various impairments is subject to reasonable debate, it is not reasonable to conclude that Plaintiff's various physical impairments do not limit her physical ability to perform basic work activities. That Plaintiff has suffered such limitations for far longer than the requisite 12-month period is equally obvious. The ALJ's determination that Plaintiff does not suffer from any severe physical impairment

---

[2] Raynaud's syndrome is a disease which causes the arteries supplying certain areas of the body, such as the fingers and toes, to constrict, in response to stress or cold temperatures, thereby limiting blood circulation to the areas in question. *See* Raynaud's Disease, available at http://www.mayoclinic.org/diseases-conditions/raynauds-disease/basics/definition/con-20022916 (last visited on June 8, 2015). The resulting lack of blood flow causes the affected areas to feel numb and cold. *Id.*

and, therefore, is capable of performing work at all exertional levels is not supported by substantial evidence.

While the Court finds that the ALJ's decision fails to comply with the relevant legal standards, Plaintiff can be awarded benefits only if "all essential factual issues have been resolved" and "the record adequately establishes [her] entitlement to benefits." *Faucher v. Secretary of Health and Human Serv's*, 17 F.3d 171, 176 (6th Cir. 1994); *see also*, *Brooks v. Commissioner of Social Security*, 531 Fed. Appx. 636, 644 (6th Cir., Aug. 6, 2013). This latter requirement is satisfied "where the proof of disability is overwhelming or where proof of disability is strong and evidence to the contrary is lacking." *Faucher*, 17 F.3d at 176; *see also*, *Brooks*, 531 Fed. Appx. at 644.

Evaluation of Plaintiff's claim requires the resolution of certain factual disputes which this Court is neither competent nor authorized to undertake in the first instance. Moreover, there does not exist compelling evidence that Plaintiff is disabled. Accordingly, this matter must be remanded for further factual findings, including but not necessarily limited to, an accurate assessment of the severe impairments from which Plaintiff suffers, an assessment of her residual functional capacity, and a determination as to whether there exists a significant number of jobs which Plaintiff is capable of performing despite her limitations.

## CONCLUSION

For the reasons articulated herein, the Court concludes that the ALJ's decision is not supported by substantial evidence. Accordingly, the Commissioner's decision is **reversed and the matter remanded for further factual findings pursuant to sentence four of 42 U.S.C. § 405(g)**. A judgment consistent with this opinion will enter.


Date:  June 17, 2015                                                /s/ Ellen S. Carmody
                                                                                 ELLEN S. CARMODY
                                                                                 United States Magistrate Judge